UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

WAYNE CERULLI,

                Plaintiff,

-against-

COMMISSIONER MARIETTA S. GAILOR;
COMMISSIONER LIVIA LAZZARI;
COMMISSIONER JAMES B. FERGUSON,

                Defendants.

----------------------------------------------------------------X

07-cv-3898(ARR)(LB)

NOT FOR PRINT
OR ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

      Plaintiff Wayne Cerulli, *pro se,* is a New York State prisoner serving a sentence of six years to life in prison pursuant to a 1989 conviction for assault in the second degree. Plaintiff brought this action pursuant to 42 U.S.C. § 1983 based on a denial of parole following a September 5, 2006 parole hearing. On June 19, 2008, I granted, in part, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's claims for money damages, all claims against the parole commissioners for acts performed in their quasi-adjudicative capacity, and plaintiff's claims under the equal protection and ex post facto clauses. Plaintiff's remaining claim is that his due process rights were violated when he was denied parole pursuant to an allegedly unconstitutional policy to deny parole to all inmates without considering any of the factors set forth in New York Executive Law § 259-i. Currently before this court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). Defendants' claim that the evidence in the record demonstrates that no unconstitutional policy exists, and that defendants

1

properly evaluated plaintiff's parole request using the required statutory factors. For the reasons set forth below, defendants' motion for summary judgment is granted.

## BACKGROUND

I. <u>Plaintiff's September 5, 2006 Parole Hearing</u>

In 1989, Plaintiff Wayne Cerulli pled guilty to Assault in the Second Degree, and was sentenced to six years to life. (Parole Hearing Tr. at 2.) Plaintiff appeared for the seventh time before defendants Marietta S. Gailor, James Ferguson, and Livio Lazzari on September 5, 2006 after nearly twenty five years of incarceration. (Parole Hearing Tr. at 2.) At his hearing, Commissioners Gailor, Lazzari and Ferguson first noted that plaintiff had an "Earned Eligibility Certificate,"[1] and stated that plaintiff, if released, would reside with his sister on Long Island. Defendants further acknowledged plaintiff's work history while incarcerated, and that he had not yet received a GED at the time of the hearing. (Parole Hearing Tr. At 2-3.)

The Board then proceeded to question plaintiff about the crime for which he was presently incarcerated. Plaintiff acknowledged that he had entered an apartment with the intent to injure a male victim, smothered the victim with a pillow, and stabbed him several times in the head, back, and extremities. (Parole Hearing Tr. at 3.) After the victim locked himself in the bathroom, plaintiff acknowledged taking approximately $20 and leaving the apartment. (Parole Hearing Tr. at 3.) Plaintiff further acknowledged that this incident occurred while he was on parole. (Parole Hearing Tr. at 3.) Plaintiff acknowledged that prior to 1989, he had a conviction for burglary and endangering a minor, and while on parole for those offenses, committed three separate burglaries, for which parole was revoked. (Parole Hearing Tr. at 5.) Additionally, after

---
[1] This certificate was based on plaintiff's participation in programs, and completion of such programs. See Dep. of Pl. at 43.

2

being released on parole in 1984, plaintiff acknowledged committing another burglary for which parole was revoked in 1985. (Parole Hearing Tr. at 5; Dep. of Pl. at 24-25.)

At the hearing, plaintiff spoke of an alcohol and drug dependency at the time he committed the above acts, but stated that he had "stayed away from that stuff for 14 years," and the Board noted his lack of drug or alcohol related incidents. (Parole Hearing Tr. at 7.) Plaintiff stated that he had learned that his behavior was uncalled for, and apologized for the problems he caused people. (Parole Hearing Tr. at 6-7.) Commissioner Lazzari stated that the Board had to consider plaintiff's length of incarceration, prior history, and what he had been doing while incarcerated. When asked if there was anything else plaintiff wished to express to the Board that could help reach a decision, plaintiff stated, "I'm sorry." (Parole Hearing Tr. at 8.)

II. The Parole Board's Decision

On September 6, 2006, the defendants denied plaintiff parole. In their decision, the defendants stated that "after a careful review of the record and this interview, it is the determination of this panel that if released at this time, there is a reasonable probability that you would not life and remain at liberty without violating the law." (Parole Board Decision. at 9.) The panel stated:

> This decision is based on the following factors: the instant offense assault 2nd, where you attempted to smother your victim and stabbed him numerous times. This is your 4th state term.
>
> Your history dates to 1979. You violated parole, probation, were on parole when you committed the instant offense. You did not benefit from prior court interventions, probation or parole. The propensity for extreme violence you exhibited, your lack of insight are of concern. To release you now would deprecate the nature of your offense, undermined people's respect for the law.

3

(Parole Hearing Tr. at 9.) The panel recommended reconsideration in twenty four months.[2]

III. Plaintiff's Due Process Claim

Plaintiff asserts a due process claim for prospective injunctive relief against the defendant commissioners. Plaintiff first alleges that defendants acted pursuant to a policy to generally deny parole without using Section 259-i-[c][A] statutory factors. Compl. at IV.A. Plaintiff claims that defendants denied him parole based upon the nature and severity of his underlying and previous crimes, and failed to give detailed reasons for the denial of parole. Compl. at IV.A. Plaintiff also claims that defendants relied on the conclusory statement that "there is a reasonable probability that you would not life and remain at liberty without violating the law." Compl. at IV.A.

Defendants move for summary judgment on the grounds that (1) no unconstitutional policy exists, and (2) the defendants denied plaintiff's parole request only after a full evaluation of the statutory factors, rendering their decision neither arbitrary nor capricious. (Defs.' Mem. at 5.) Defendants served plaintiff with their motion on May 1, 2009, and included a Rule 56 Notice to *Pro Se* Litigants, indicating the requirements under the Rule. (Dkt. Entry 34-2.) Plaintiff has not responded to defendants' motion.

## DISCUSSION

I. Summary Judgment Standard

A moving party is entitled to summary judgment if, "upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Richardson v.

---

[2] In his deposition, plaintiff cites to an additional parole hearing in September 2008, after which he was again denied parole. (Dep. of Pl., at 23-24.) Plaintiff's complaint was filed in September of 2007, and plaintiff never moved pursuant to Fed. R. Civ. P. 15(d) to amend his complaint to include this latest parole hearing in this cause of action. Therefore, this Opinion and Order will not consider the facts and circumstances relating to the September 2008 parole hearing.

Selsky, 5 F.3d 616, 621 (2d Cir. 1993); see Fed. R. Civ. P. 56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

*Pro se* complaints are to be construed liberally during the summary judgment phase. Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts must read a *pro se* litigant's supporting papers liberally, interpreting them "to raise the strongest arguments that they suggest." Graham

5

v. Henderson, 89 F.3d 75, 79 (2d Cir.1996) (internal quotation marks omitted). This does not, however, "relieve [P]laintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted). "[P]roceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Monterroso v. Sullivan & Cromwell, LLP, 591 F.Supp.2d 567, 577 (S.D.N.Y. 2008) (internal quotations omitted).

II. Plaintiff's Due Process Claims

It is well established that an inmate does not have a constitutional right to parole. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001) (finding that the New York parole system does not create "in any prisoner a legitimate expectancy of release"); Mathie v. Dennison, 2007 WL 2351072, at *6 (S.D.N.Y. 2007). Under state law, however, the Parole Board's decision is not unlimited. New York law provides that "discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined." N.Y. Exec. Law § 259-i(2)(c)(A). Rather, the Board may grant parole after "considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." Id. To guide the Board in its decision, the statute outlines five factors that must be considered:

(i) the institutional record including program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy and interpersonal relationships with staff and inmates;

(ii) performance, if any, as a participant in a temporary release program;

6

> (iii) release plans including community resources, employment, education and training and support services available to the inmate;
>
> (iv) any deportation order issued by the federal government against the inmate while in the custody of the department of correctional services and any recommendation regarding deportation made by the commissioner of the department of correctional services pursuant to section one hundred forty-seven of the correction law; and
>
> (v) any statement made to the board by the crime victim or the victim's representative, where the crime victim is deceased or is mentally or physically incapacitated.

See N.Y. Exec. Law § 259-i(c); 9 N.Y.C.R.R. § 8001.3. The statute does not, however, guide the Board regarding how much weight it should assign to each factor. See Farid v. Bouey, 554 F.Supp.2d 301, 321 (N.D.N.Y. 2008).

### A. *Plaintiff's Claim Regarding An Unconstitutional Policy*

Plaintiff alleges that an inmate has a "constitutional right to have a parole determination made in accordance with the proper statutes and laws" and that the Board adopted a "policy to generally deny parole without using the section 259-i(c)(A) statutory factors . . . ." Compl. at IV.A. Defendants deny that any such policy existed. (Defs.' Mem. at 8-9; Dec. of Marietta Gailor ¶ 4; Dec. of Livio Lazzari ¶ 4; Dec. of James Ferguson ¶ 4.)

Plaintiff relies on a case in the Southern District of New York, in which Judge Brieant held that "there exists a Constitutional right to have a parole decision made in accordance with the statute." Graziano v. Pataki, 2006 WL 2023082, at *8 (S.D.N.Y. 2006). Facing similar allegations, Judge Brient denied defendants' Fed. R. Civ. P 12(b)(6) motion to dismiss, and permitted the case to proceed to discovery so that the plaintiff could have an opportunity to establish whether an unpublished policy to systematically deny parole existed. Id. at *8. Other courts, however, have declined to accept this reasoning, and have held that there is no

constitutional entitlement to have a process of decision making that comports with New York state law. See e.g., Schwartz v. Dennison, 518 F.Supp.2d 560, 574 (S.D.N.Y.) (concluding that a policy denying parole to sex offenders would not violate due process); Mathie, 2006 WL 2351072, at *7 n. 4 (noting that Graziano's reasoning was "unpersuasive").

Assuming only for the purposes of this summary judgment motion that a constitutional right to have a parole determination made in accordance with New York law exists, defendants are still entitled to summary judgment because plaintiff has failed to provide any evidence to support the assertion that such a policy exists. Plaintiff has not submitted any affidavits or other evidence regarding such a policy, nor did he allude to such evidence upon being deposed. (Dep. of Pl.) Plaintiff has simply made the conclusory statement that such a policy exists in his complaint. Compl. at IV.A. A party's "bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Monterroso, 591 F.Supp.2d at 577.

For this reason, I conclude that plaintiff has failed to adduce evidence from which a reasonable juror could conclude that the Parole Board adopted a blanket policy to deny parole to offenders in violation of the Due Process Clause. Accordingly, defendant's motion for summary judgment on this claim is granted.

### B. *Plaintiff's Claim Regarding the Statutory Factors*

In addition to alleging an unconstitutional policy to systematically deny parole, plaintiff contends that in his individual case, the Board did not balance the statutory factors that are supposed to guide the Board's decision. Compl. at IV.A.

As stated above New York's discretionary parole system does not create a legitimate expectancy of release that gives rise to a due process right. Barna, 239 F.3d at 171. However, the Parole Board may not deny plaintiff's application for parole for "arbitrary or impermissible

8

reasons." Brown v. Thomas, 2003 WL 941940, at *1 (S.D.N.Y. 2003) (internal citations omitted); see also Farid, 554 F.Supp.2d at 321; Mathie, 2007 WL 2351072, at *6. An inmate's due process rights are violated when the Parole Board denies "release arbitrarily or capriciously, based on inappropriate consideration of a protected classification or an irrational distinction, or on any other unconstitutional grounds." Morel v. Thomas, 2003 WL 21488017, at *4 (S.D.N.Y. 2003). Under this theory, plaintiff argues that the Board's decision was "conclusory," lacking in detail, "an empty recitation of the statutory exception," and "irrational." Compl. at IV.A.

The transcript of the parole hearing as well as the Board's decision reveals, however, that the Board did consider the statutory factors when it decided to deny plaintiff's parole. First, the Board acknowledged plaintiff's Earned Eligibility Certificate, his improved disciplinary record, his participation in substance abuse programs, and his lack of drug use. (Parole Hearing Tr. At 6-7.) Plaintiff expressed remorse for his participation in criminal activity, and expressed that "his behaviour was uncalled for." (Parole Hearing Tr. At 6.) The Board noted that plaintiff, if released, would reside with his sister on Long Island, that plaintiff had been working in food services, and that plaintiff had not yet received a GED. (Parole Hearing Tr. At 2-3.) The Board also examined the underlying facts of plaintiff's crime for which he is presently incarcerated, and his criminal history, which includes other terms in state prison, and violations of parole and probation based on the commission of acts of burglary. (Parole Hearing Tr. At 5.)

In reaching its decision, the Board acknowledged plaintiff's Earned Eligibility Certificate, the instant offense, plaintiff's "propensity for extreme violence," his past criminal history, and past violations of parole. (Parole Decision at 9.) The Board thus decided that factors in plaintiff's favor were outweighed by the serious nature of his crime and past parole violations.

The "Board was entitled to determine that the nature of the crime outweighed the positive aspects of his record." Morel, 2003 WL 21488017, at *5. "Where a Board has properly considered statutory guidelines, it may . . . deny parole where it determines upon fair consideration of all relevant statutory factors that the nature and severity of the underlying crime outweigh other possibly positive factors." Graziano, 2007 WL 2023082, at *8. Additionally, the "Board has discretion to accord these considerations whatever weight it deems appropriate, and need not expressly discuss each of the reasons in its determination." Manley v. Thomas, 255 F. Supp. 2d 263, 267 (S.D.N.Y. 2003) (citing Garcia v. N.Y.S. Div. of Parole, 657 N.Y.S.2d 415, 418 (App. Div. 1st Dep't 1997)).

While I understand that plaintiff disagrees with the Board's emphasis on his underlying crime, I cannot agree that the Board's decision was either arbitrary or impermissible, or contrary to New York law, which does not specify how to weigh the statutory factors. The record demonstrates that the Board took into account the statutory factors and made a reasoned decision. Because plaintiff has failed to provide evidence sufficient to give rise to an inference of a due process violation, defendants' motion for summary judgment on this claim is granted.

## CONCLUSION

For the reasons explained above, defendants' motion for summary judgment is granted, and the case is dismissed. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: December 11, 2009
Brooklyn, New York

10

Service List

Plaintiff (pro se):

**Wayne Cerulli**
89A9784
Arthur Kill Corr. Facility
2911 Arthur Kill Road
Staten Island, NY 10309

**Attorney for Defendants**

Susan Hull Odessky
NYS Office of the Attorney General
120 Broadway
New York, NY 10271

cc:    Magistrate Judge Bloom